UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOEL PRICE,**

    **Plaintiff,**

**v.**                     Case No: 6:18-cv-492-Orl-31GJK

**EVERGLADES COLLEGE, INC.,**

    **Defendant.**

## ORDER

This Matter comes before the Court on the Defendant's Motion to Dismiss (Doc. 17), the Plaintiff's Response in Opposition (Doc. 21), and the Defendant's Reply (Doc. 26).

**I. Background**

The Complaint states that the Plaintiff, who is visually impaired, "is a prospective student who is interested in attending the Keiser University by taking classes at its Daytona Beach campus location."[1] Doc. 1 ¶ 24. The Plaintiff allegedly called the Defendant[2] in order "to inquire about Admission to the Keiser University, requirements for admissions, available courses, and accommodations for his disability." *Id.* ¶ 25. The Plaintiff claims that the "Defendant's representative failed to fully assist Plaintiff and referred him to its Website." *Id.* The Plaintiff apparently attempted to utilize the Defendant's website using screen reader software, but because

---

[1] The Plaintiff later claims that his "expectation of participating in online education was destroyed," but because both the Complaint and the Response in Opposition deal with the website's inaccessibility allegedly impeding access to the physical location, the Court assumes this was an error. *See id.* ¶ 31.

[2] Although the Defendant is Everglades College, Inc., the Defendant does business as Keiser University.

the software was unable to access various electronic documents on the website, the Plaintiff states that he could not find out information necessary to apply to Keiser; research available degree types, pre-requisites, and course descriptions; view the course catalog; and view available accommodations that Keiser could offer him for his disability. *Id.* ¶ 29.

## II. Legal Standards

### A. Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

## B. Americans with Disabilities Act

Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181–12189 ("Title III"), which addresses "Public Accommodations and Services Operated by Private Entities," provides that "[n]o individual shall be discriminated against on the basis of disability in any place of public accommodation." 42 U.S.C. § 12182(a). Any person subjected to discrimination on the basis of disability in violation of Title III may bring a private action. 42 U.S.C. § 12188(a). To prevail on a Title III ADA claim, a plaintiff generally has the burden of proving (1) that he or she is an individual with a disability; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant denied him or her full and equal enjoyment of goods, services, facilities or privileges offered by the defendant (4) on the basis of his or her disability. *Schiavo ex rel Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005). The only relief available to plaintiffs suing under Title III of the ADA is injunctive relief. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013).

## III. Analysis

Courts in the Eleventh Circuit have held that a website itself is not a public accommodation for purposes of the ADA. *See, e.g.*, *Kidwell v. Fla. Comm'n on Human Relations*, No. 2:16-CV-403-FTM-99CM, 2017 WL 176897, at *5 (M.D. Fla. Jan. 17, 2017). However, the Eleventh Circuit has held that the ADA covers both tangible and intangible barriers to enjoyment of public accommodations. *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1283 (11th Cir. 2002) And, "[w]hile there is some disagreement amongst district courts on this question, it appears that the majority of courts agree that websites are not covered by the ADA unless some function on the website hinders the full use and enjoyment of a physical space." *Gomez v. Bang & Olufsen Am., Inc.*, No. 1:16-cv-23801, 2017 WL 1957182, at *3 (S.D. Fla. Feb. 2, 2017). Thus, in order to survive

a motion to dismiss, a plaintiff alleging that an inaccessible website impedes access to a physical location must establish "some nexus between the website and the physical place of public accommodation." *Id.* This is not to say that any impediment to access to a website violates the ADA just because the website has a connection to a physical public accommodation. Rather, "[a]ll the ADA requires is that, if a [public accommodation] chooses to have a website, the website cannot impede a disabled person's full use and enjoyment of the brick-and-motar [public accommodation]." *Id.* at *4. While a nexus is obviously a requirement, alleging the mere existence of some connection or link[3] between the website and the physical location is not sufficient.

In clarifying the nexus requirement, district courts in the Eleventh Circuit have distinguished between an inability to use a website to gain information about a physical location and an inability to use a website that impedes access to enjoy a physical location, holding that the former "is insufficient to state a claim." *E.g.*, *Gomez v. La Carreta Enters.*, No. 17-civ-61195, 2017 U.S. Dist. LEXIS 202662, at *9 (S.D. Fla. Dec. 6, 2017). One rationale underlying this holding is that a contrary finding would require all websites with *any* nexus to a physical public accommodation to be formatted in such a way that they are accessible to screen reader software. *E.g.*, *Price v. AFT Mgmt., Corp.*, No. 17-civ-61310, 2018 U.S. Dist. LEXIS 25896, at *9 (S.D. Fla. Feb. 14, 2018). District courts in the Eleventh Circuit have been unwilling to take a leap with such far-reaching implications, and this Court is no exception. Here, the Defendant correctly argues that "an inability to gain information about the physical location does not adequately allege that his inability to access the Website impedes his access to enjoy the physical university." Doc. 17 at 6. Although the Plaintiff argues that he "has alleged that the inaccessibility of Defendant's website impeded

---

[3] Black's Law Dictionary (10th ed. 2014) defines "nexus" as "a connection or link, often a causal one."

Plaintiff's access to Defendant's University locations," Doc. 21 at 13, a review of the Complaint reveals that the Plaintiff alleges only facts indicating that his ability to gain information about the location, rather than his access to enjoyment of the university itself, was compromised. As the Defendant points out, the Plaintiff does not claim that he was unable to apply to the university, pay tuition, or use the student portal on the website. Doc. 26 at 4. Accordingly, the Plaintiff has failed to state a claim on which relief can be granted.

**IV.  Conclusion**

For the foregoing reasons, the Defendant's Motion to Dismiss (Doc. 17) is **GRANTED**. The Complaint is **DISMISSED** without prejudice. If the Plaintiff wishes to file an amended complaint, he may do so within twenty-one (21) days of the date of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 16, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party